***E-FILED - 11/30/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARVELLO L. TUFONO, | ) | No. C 10-4393 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| R. GUERRA, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will DISMISS the instant complaint for failure to state a cognizable claim under § 1983.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.10\Tufono393dis.wpd

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
2 elements: (1) that a right secured by the Constitution or laws of the United States was violated,
3 and (2) that the alleged deprivation was committed by a person acting under the color of state
4 law. West v. Atkins, 487 U.S. 42, 48 (1988).

5 B.   Plaintiff's Claims

6   Plaintiff claims that on July 21, 2009, Defendant R. Guerra intentionally destroyed his
7 13" color television. (Complaint at 3.) Plaintiff alleges that Defendant had no reason to take his
8 television. (Id. at 3-4.) On August 13, 2009, Plaintiff was given a replacement television. (Id.
9 at 4.) When Plaintiff complained that it did not work, he was given another television. Plaintiff
10 complains that he was without his television for 32 days.

11   Plaintiff is urged to bear in mind that to state a claim under 42 U.S.C. § 1983, he must
12 allege two elements: (1) that a right secured by the Constitution or laws of the United States was
13 violated, and (2) that the violation was committed by a person acting under the color of state law.
14 See West v. Atkins, 487 U.S. 42, 48 (1988). In order for a complaint to state a claim arising
15 under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there
16 is a federal question. See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir.
17 1997).

18   Here, the court finds that plaintiff's claim of the loss of his personal property is not
19 cognizable under section 1983. Ordinarily, due process of law requires notice and an
20 opportunity for some kind of hearing prior to the deprivation of a significant property interest.
21 See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, neither the
22 negligent nor intentional deprivation of property states a due process claim under § 1983 for a
23 random and unauthorized deprivation. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981),
24 overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v.
25 Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability
26 of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it
27 provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990)
28 (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation

1 statutory provision for post-deprivation hearing or common law tort remedy for erroneous
2 deprivation satisfies due process).  California law provides such an adequate post-deprivation
3 remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§
4 810-895).

5     Although the court generally grants leave to amend after an initial screening of a
6 complaint under 28 U.S.C. § 1915A, the court concludes that here, leave would serve no purpose
7 as a viable civil rights claim cannot be made concerning plaintiff's allegations concerning the
8 loss of his personal property.  Plaintiff has an adequate state remedy for the random and
9 unauthorized loss of his personal property.  Accordingly, the instant complaint is DISMISSED
10 for failure to state a cognizable claim under § 1983.

**CONCLUSION**

The instant complaint is DISMISSED for failure to state a cognizable claim under § 1983.  The clerk shall close the file.

IT IS SO ORDERED.

DATED:  11/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge